UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARON HARE, as Personal
Representative of the Estate of
MARCEL D. HARE, deceased,

      Plaintiff,      Case No. 1:03-CV-237

v.             HON. DAVID W. McKEAGUE*

STARR COMMONWEALTH
CORPORATION and
SELMA MELVIN,

      Defendants.
_____/

**MEMORANDUM OPINION AND ORDER
AFFIRMING MAGISTRATE JUDGE'S ORDER**

On May 17, 2005, the United States Magistrate Judge issued an order denying defendants' motion to compel production of certain psychological examination reports, characterized as "grief counseling records." Defendants appeal from this order. To obtain relief, defendants must show that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The records at issue are reports of psychological examinations of two of decedent Marcel D. Hare's minor siblings, on whose behalf plaintiff is seeking "loss of society and companionship" damages under Michigan's Wrongful Death Act, M.C.L. § 600.2922. Defendants sought production

_____
 * Hon. David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

of the records after the minors' guardian, Cassandra Simmons, gave deposition testimony to the effect that she had arranged for "grief counseling" for the siblings, some two years and eight months after decedent's death. To determine whether the mental health examination reports were discoverable, the magistrate judge conducted an *in camera* inspection of the records. The magistrate judge concluded that the "records are not relevant to this action, nor would they lead to the discovery of relevant evidence." The magistrate judge therefore denied defendants' motion to compel their production.

On appeal, defendants insist that grief counseling records are relevant and discoverable because the siblings' grief is integral to plaintiff's claim on their behalf for loss of society and companionship. Defendants' argument would be more persuasive if the subject records evidenced grief counseling. They do not. The Court has undertaken its own independent examination of the records and concurs entirely with the magistrate judge's assessment that they do "not directly involve 'grief counseling' or any other matter arising directly from the death of Marcel Hare."

Accordingly, the Court concludes that defendants have failed to demonstrate that the magistrate judge's denial of the motion to compel is clearly erroneous or contrary to law. The magistrate judge's order is therefore **AFFIRMED**.

To avoid unfair prejudice, however, plaintiff shall be prohibited from referring to the subject psychological assessments at the North Central Health Center as "grief counseling" or as evidence of grief or sadness experienced by the minor siblings as a result of Marcel Hare's death, and shall

be prohibited from otherwise eliciting testimony or introducing evidence to that effect.

**IT IS SO ORDERED**.


Dated: June 16, 2005                                      /s/   David W. McKeague  
                                                                                               HON. DAVID W. McKEAGUE  
                                                                                               UNITED STATES CIRCUIT JUDGE